UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al.*,<br><br>　　　　　　　Debtors. | Chapter 11 Case<br><br>Case No. 08-13555 (SCC)<br><br>(Jointly Administered) |
| LEHMAN BROTHERS HOLDINGS INC., in its capacity as Plan Administrator on behalf of Lehman Brothers Special Financing Inc.<br><br>　　　　　　　Plaintiff,<br><br>　-against-<br><br>ACTS RETIREMENT-LIFE COMMUNITIES, INC.,<br><br>　　　　　　　Defendant. | Adv. Proc. No. 15-01430 (SCC) |

**STIPULATED JOINT PRETRIAL SCHEDULING ORDER**

WHEREAS, on December 23, 2015, plaintiff Lehman Brothers Holdings Inc., ("LBHI"), in its capacity as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, and on behalf of Lehman Brothers Special Financing Inc. ("LBSF"), commenced the above-captioned adversary proceeding against ACTS Retirement-Life Communities, Inc. ("ACTS," and together with LBHI and LBSF, the "Parties") by filing an adversary complaint (the "Complaint");

WHEREAS, ACTS filed an Answer to the Complaint on February 8, 2016; and

WHEREAS, the Parties have met and conferred and have mutually agreed to the terms and deadlines set forth herein that will govern certain of the pretrial proceedings in this action.

NOW, THEREFORE, the Parties hereby stipulate and agree, subject to Court approval, that the following terms and deadlines set forth in this Stipulated Joint Pretrial Scheduling Order shall apply in the above-captioned adversary proceeding.

1. All fact discovery shall be completed by November 17, 2016.

2. The Parties are to conduct discovery in accordance with the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure (as incorporated therein), and the Local Bankruptcy Rules of this Court.  In accordance with Federal Rules of Bankruptcy Procedure 7026-7037, Federal Rules of Civil Procedure 26-37 shall apply in their entirety to this proceeding.  A party may be served with discovery requests and responses by email to its respective undersigned counsel.  The following interim deadlines with respect to fact discovery may be extended by the written consent of the Parties without application to the Court, provided all fact discovery is completed by November 17, 2016.

    A. The Parties shall meet and confer on or before April 14, 2016 with respect to the terms and conditions of a form of protective order for presentment to the Court (the "Protective Order").  The Protective Order may contain provisions relating to the inadvertent production of privileged documents, confidentiality, the form and manner of producing ESI and other matters agreed to by the Parties.  To the extent the Parties agree on the form of Protective Order, the Parties will submit such order to the Court for approval on or before May 5, 2016.  If the Parties are unable to reach an agreement on the form of a Protective Order, either Party may seek relief from the Court as such Party deems appropriate.

    B. The Parties shall serve initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before April 14, 2016.

    C. Initial requests for the production of documents shall be served on each party no later than April 28, 2016.

    D. Responses and objections to requests for the production of documents are to be served within 30 days of the service of each request or set of requests for the production of documents.

    E. Interrogatories pursuant to Local Bankruptcy Rule 7033-1(a) may be served no later than April 28, 2016.

    F. The Parties will exchange initial proposed search terms, custodians and date ranges for the collection of electronically stored information ("ESI") by May 31, 2016. The Parties will confer and attempt to resolve any disputes regarding the proposed search terms by June 7, 2016. Nothing herein shall prevent either party from requesting additional searches after review of the other party's production.

    G. Initial document productions shall commence on a rolling basis no later than June 16, 2016. Document production shall be substantially completed by August 5, 2016.

    H. Productions of ESI may be transmitted electronically via Secure File Transfer Protocol (SFTP), FTP over SSH, or physically transported using electronic storage media such as flash memory devices, CDs, DVDs or hard drives. The physical media label should contain the case name and number, production date, and Bates range being produced. Each party may encrypt any data produced using standard encryption software.

    I. Privilege logs shall be served within 30 days of the production from

which the logged documents have been withheld or redacted.

   J. Depositions of fact witnesses may take place no earlier than August 8, 2016, and must be completed by November 17, 2016.

   K. Discovery from third parties (other than testifying experts) may be sought at any time up to thirty days prior to the close of fact discovery, but must be completed by November 17, 2016.

   L. Interrogatories pursuant to Local Bankruptcy Rule 7033-1(b) and (c) and requests for admissions shall be served at least 30 days prior to the close of fact discovery.

   3. The Parties shall disclose the identities of any testifying expert witnesses and serve any expert reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) and (C) as made applicable by Bankruptcy Rule 7026 on any issue(s) as to which that Party bears the burden of proof by December 8, 2016.

   4. The Parties shall identify any rebuttal expert witness and serve the related rebuttal expert reports or disclosures required by Federal Rule 26(a)(2)(B) and (C) by January 19, 2017.

   5. Depositions of expert witnesses must be completed by January 26, 2017.

   6. As required by applicable rules, if a Party wishes to file a dispositive motion, that Party shall request a pre-motion conference with respect to such motion by February 2, 2017. Absent further direction of the Court at a pre-motion conference or otherwise, any dispositive motions must be filed by March 16, 2017. The Parties will consult with each other

regarding the briefing schedule for any dispositive motions prior to any pre-motion conference.

7. At a date and time set at the Court's convenience after the discovery of expert witnesses is completed, the Parties shall attend a status conference before the Court to discuss issues related to dispositive motions and trial.

8. The trial shall be held at a date to be determined by the Court.

9. By entering into this stipulation, the Parties do not waive any procedural or substantive rights.

Dated this 29th day of March, 2016

| PAUL HASTINGS LLP | DRINKER BIDDLE & REATH LLP |
|---|---|
| By: /s/ Joshua M. Bennett<br>Kurt W. Hansson<br>Joshua M. Bennett<br>75 E. 55th Street<br>New York, NY 10022<br>Telephone: (212) 318-6000<br>Facsimile: (212) 752-2859 | By: /s/ Richard J.L. Lomuscio<br>James H. Millar<br>Richard J.L. Lomuscio<br>1177 Avenue of the Americas, 41st Floor<br>New York, NY 10036<br>Telephone: (212) 248-3140<br>Facsimile: (212) 248-3141 |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

**IT IS SO-ORDERED:**
March 29, 2016
New York, New York

/S/ Shelley C. Chapman
HONORABLE SHELLEY C. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE